# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### October 2, 2013 Session

## JOSE RODRIGUEZ A.K.A. ALEX LOPEZ v. STATE OF TENNESSEE

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Davidson County**
**No. 4345     Seth Norman, Judge**

---

**No. M2011-01485-SC-R11-PC - Filed April 4, 2014**

---

The petitioner, a Mexican citizen, entered a guilty plea to the misdemeanor charge of patronizing prostitution and was granted judicial diversion. After successfully completing his diversion, the petitioner's criminal record was expunged. More than three years after the entry of his plea, the petitioner filed a petition for post-conviction relief alleging that trial counsel failed to advise him of the potential immigration consequences of his guilty plea as required by Padilla v. Kentucky, 559 U.S. 356 (2010). The trial court dismissed the petition as time-barred. The Court of Criminal Appeals held that a petitioner whose record has been expunged may not obtain post-conviction relief and affirmed the trial court's summary dismissal of the petition. We granted the petitioner permission to appeal. Following our review, we conclude that a guilty plea expunged after successful completion of judicial diversion is not a conviction subject to collateral review under the Post-Conviction Procedure Act. We therefore affirm the judgment of the Court of Criminal Appeals.

**Tenn. R. App. P. 11; Judgment of the Court of Criminal Appeals Affirmed**

JANICE M. HOLDER, J., delivered the opinion of the Court, in which GARY R. WADE, C.J., and CORNELIA A. CLARK, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Solicitor General; James E. Gaylord, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the State of Tennessee.

Sean Lewis, Nashville, Tennessee, for the petitioner, Jose Rodriguez.

Elliott Ozment, Tricia R. Herzfeld, and R. Andrew Free, Nashville, Tennessee, for the amici curiae, Tennessee Law Professors and the National Immigration Project of the National Lawyers Guild.

**OPINION**

I. Facts and Procedural History

On August 15, 2007, Jose Rodriguez was charged with patronizing prostitution in violation of Tennessee Code Annotated section 39-13-514 (Supp. 2008) and retained counsel to represent him. Mr. Rodriguez entered a guilty plea to the misdemeanor charge on September 20, 2007, and was placed on judicial diversion pursuant to Tennessee Code Annotated section 40-35-313 (2013). After Mr. Rodriguez successfully completed his probation, he was discharged from judicial diversion, and his case was dismissed. An order of expungement of Mr. Rodriguez's criminal record was entered in January 2010.

On March 31, 2010, the United States Supreme Court released Padilla v. Kentucky, 559 U.S. 356 (2010), holding that the Sixth Amendment to the United States Constitution requires counsel to inform non-citizen clients of the immigration consequences of a guilty plea. Mr. Rodriguez again retained counsel and filed a post-conviction petition on March 31, 2011, alleging that he is entitled to relief under Padilla and that the post-conviction statute's one-year statute of limitations should be tolled. See Tenn. Code Ann. § 40-30-102(a) (2012). Among the allegations contained in the petition, Mr. Rodriguez claimed that trial counsel knew he was a Mexican citizen and was therefore ineffective in failing to inform him of the immigration consequences of his guilty plea.[1] He further claimed that as a result of the ineffective assistance of counsel, his guilty plea was not knowingly, intelligently, and voluntarily entered. Mr. Rodriguez maintains that he would not have pleaded guilty had he been informed of the immigration consequences of his plea.

The trial court reviewed the post-conviction petition and concluded that the petition was time-barred. Mr. Rodriguez appealed, and the Court of Criminal Appeals affirmed, holding that a petitioner whose record has been expunged may not seek post-conviction relief. We granted Mr. Rodriguez permission to appeal.

II. Analysis

As an issue of first impression, we consider whether the Post-Conviction Procedure Act ("Post-Conviction Act"), Tenn. Code Ann. §§ 40-30-101 to -122 (2012 & Supp. 2013), may be used to collaterally attack a guilty plea that has been expunged after successful completion of judicial diversion. This inquiry requires us to construe both the Post-Conviction Act and the judicial diversion statute, Tenn. Code Ann. § 40-35-313. Statutory

---

[1] We assume for the purposes of this opinion that Mr. Rodriguez's misdemeanor guilty plea subjects him to immigration consequences.

construction presents a question of law that we review de novo with no presumption of correctness. Wlodarz v. State, 361 S.W.3d 490, 496 (Tenn. 2012); State v. Tait, 114 S.W.3d 518, 521 (Tenn. 2003).

When we interpret a statute, we must ascertain and give full effect to the General Assembly's intent. Walker v. Sunrise Pontiac-GMC Truck, Inc., 249 S.W.3d 301, 309 (Tenn. 2008). Our primary concern is to carry out this intent without unduly expanding or restricting the language of the statute beyond the legislature's intended scope. Shorts v. Bartholomew, 278 S.W.3d 268, 274 (Tenn. 2009). Furthermore, "[w]e presume that every word in a statute has meaning and purpose and should be given full effect if so doing does not violate the legislature's obvious intent." State v. Casper, 297 S.W.3d 676, 683 (Tenn. 2009).

When the statutory language is clear and unambiguous, we apply the plain meaning of the statute. Eastman Chem. Co. v. Johnson, 151 S.W.3d 503, 507 (Tenn. 2004). When the language is ambiguous, however, we look to the "broader statutory scheme, the history of the legislation, or other sources to discern its meaning." Casper, 297 S.W.3d at 683. In doing so, we must also presume that the General Assembly was aware of the state of the law at the time it enacted the statute at issue. Id.

### A. Post-Conviction Act

In Tennessee, a post-conviction action is commenced by filing a petition "with the clerk of the court in which the conviction occurred." Tenn. Code Ann. § 40-30-104(a). The petitioner is entitled to relief only when his "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. The Post-Conviction Act therefore "presupposes the existence of a conviction for a criminal offense." Baker v. State, 417 S.W.3d 428, 438 (Tenn. 2013) (emphasis added). Because the Post-Conviction Act does not define the term "conviction," however, we must determine what constitutes a conviction for purposes of the Post-Conviction Act.

Tennessee, like most jurisdictions, recognizes two distinct meanings of the term "conviction." State v. Vasser, 870 S.W.2d 543, 545 (Tenn. Crim. App. 1993). A conviction in the "general sense" is the establishment of guilt by a guilty plea or a verdict independent of sentence and judgment. Vasser, 870 S.W.2d at 546; see also Daughenbaugh v. State, 805 N.W.2d 591, 597 (Iowa 2011) (defining "conviction" in the "general or popular sense" as "the establishment of guilt independent of judgment and sentence"). In contrast, a conviction in its "technical" sense requires a formal adjudication by a court and the entry of a judgment of conviction. Vasser, 870 S.W.2d at 545-46; see also Daughenbaugh, 805 N.W.2d at 597

("[W]hen the term 'conviction' is used in its technical [or] legal sense, it requires a formal adjudication by the court and the formal entry of a judgment of conviction."); Vasquez v. Courtney, 537 P.2d 536, 537 (Or. 1975) ("The . . . more technical meaning [of 'conviction'] refers to the final judgment entered on a plea or verdict of guilt."). The applicable meaning of conviction depends on the context or procedural setting in which the term is used. Vasser, 870 S.W.2d at 546.

To determine whether "conviction" in Tennessee Code Annotated section 40-30-103 refers to the general or technical meaning of the term, we must read section 103 in pari materia with the remaining provisions of the Post-Conviction Act. See Mandela v. Campbell, 978 S.W.2d 531, 534 (Tenn. 1998) (stating that statutes relating to the same subject or having a common purpose must be read in pari materia); Montgomery v. Kali Orexi, LLC, 303 S.W.3d 281, 286 (Tenn. Ct. App. 2009) (reading in pari materia separate provisions within a single statute). Tennessee Code Annotated section 40-30-102(a), for example, provides that a petition for post-conviction relief must be filed "within one year of the date on which the judgment became final."[2] Similarly, Tennessee Code Annotated section 40-30-104(c) limits the petition to claims for relief from "the judgment or judgments entered in a single trial or proceeding." Likewise, Tennessee Code Annotated section 40-30-106(a) requires the trial judge to conduct a preliminary examination of the petition together "with all the files, records, transcripts, and correspondence relating to the judgment under attack" and determine whether the petition states a colorable claim. Finally, Tennessee

---

[2] Tennessee Code Annotated section 40-30-102(b) provides the following three exceptions to the one-year statute of limitations for post-conviction claims:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-102(b).

-4-

Code Annotated section 40-30-111(a) provides that if the trial judge determines that the "judgment" is void or voidable, the court "shall vacate and set aside the judgment."

Based on these repeated references to the terms "judgment" or "judgments," we conclude that the Post-Conviction Act requires the entry of a judgment. See Tenn. Code Ann. §§ 40-30-102(a), -104(c), -106(a), -111(a). In Tennessee, a judgment is frequently referred to as a "judgment of conviction." See Tenn R. Crim. P. 32(e). A judgment of conviction is signed by the trial court, entered by the clerk, and includes the plea, the verdict or findings, and the adjudication and sentence. Tenn. R. Crim. P. 32(e)(2).[3]

It is the judgment of conviction that gives legal consequence to a finding of guilt. See, e.g., Vasser, 870 S.W.2d at 545 (explaining that in the technical sense, the judgment of conviction "provides the legal authority for the executive branch of government to incarcerate a person who is sentenced to confinement"); Tenn. Code Ann. § 40-20-101 (stating that "[a]fter a verdict against the defendant . . . the court shall pronounce judgment"). Clearly, a judgment of conviction obtained in violation of the state or federal constitution is the "wrong or evil" that the Post-Conviction Act seeks to remedy, and relief from the judgment of conviction is the purpose sought to be accomplished in its enactment. See State v. Edmondson, 231 S.W.3d 925, 927 (Tenn. 2007).

After reviewing the provisions of the Post-Conviction Act, we conclude that the General Assembly used the term "conviction" in its technical sense and that an adjudication by the court and the formal entry of a judgment are required.

We must next determine whether Mr. Rodriguez's guilty plea, which was entered as part of his judicial diversion and was expunged following satisfactory completion of his judicial diversion, constitutes a "conviction" within the meaning of the Post-Conviction Act.

B. Judicial Diversion

Tennessee Code Annotated section 40-35-313, commonly referred to as judicial diversion, is "legislative largess" whereby a "qualified defendant"[4] enters a guilty or nolo

---

[3] This Court specifically used the term "judgment of conviction" when adopting the Tennessee Rules of Post-Conviction Procedure to supplement the remedies and procedures set out in the Post-Conviction Act. See Tenn. Sup. Ct. R. 28, § 9(C).

[4] A "qualified defendant" is a defendant who:

(a) Is found guilty of or pleads guilty or nolo contendere to the offense for which deferral

(continued...)

contendere plea or is found guilty of an offense without the entry of a judgment of guilty. State v. Schindler, 986 S.W.2d 209, 211 (Tenn. 1999); see also Tenn. Code Ann. § 40-35-313(a)(1)(A), (B). The plea or verdict is held in abeyance and further proceedings are deferred under reasonable conditions during a probationary period established by the trial court. Tenn. Code Ann. § 40-35-313(a)(1)(A). Judicial diversion may be ordered only with the defendant's consent. Id.

If the defendant violates the conditions of judicial diversion, the trial court may "enter an adjudication of guilt and proceed as otherwise provided." Tenn. Code Ann. § 40-35-313(a)(2). If the defendant successfully completes his period of diversion, however, the trial court discharges the defendant and dismisses the proceedings without court adjudication of guilt or the entry of a judgment of guilt. Tenn. Code Ann. § 40-35-313(a)(2).

Judicial diversion stands in stark contrast to traditional criminal proceedings and by its plain language permits a qualified defendant a second chance without the stigma of a conviction. Tennessee Code Annotated section 40-35-313(a)(2) specifically provides that the discharge and dismissal "shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime or for any other purpose, except as provided in subsections (b) and (c).[5] The defendant may also apply to the trial court for expunction from "all official records . . . [any] recordation relating to the person's arrest, indictment or information, trial, finding of guilty and dismissal and discharge." Tenn. Code Ann. § 40-35-313(b).[6] The effect of the expunction order "is to

_____

[4] (...continued)
of further proceedings is sought; (*b*) Is not seeking deferral of further proceedings for any offense committed by any elected or appointed person in the executive, legislative, or judicial branch of the state or any political subdivision of the state, which offense was committed in the person's official capacity or involved the duties of the person's office; (*c*) Is not seeking deferral of further proceedings for a sexual offense, a violation of § 71-6-117 or § 71-6-119, driving under the influence of an intoxicant as prohibited by § 55-10-401, or a Class A or B felony; (*d*) Has not previously been convicted of a felony or a Class A misdemeanor for which a sentence of confinement is served; and (*e*) Has not previously been granted judicial diversion under this chapter or pretrial diversion.

Tenn. Code Ann. § 40-35-313(a)(1)(B)(i)(*a*)-(*e*).

[5] Subsection (b) authorizes the use of the expunged records when the person assumes the role of plaintiff in a civil action based on the same transaction or occurrence as the criminal record. Tenn. Code Ann. § 40-35-313(b). Subsection (c) authorizes the use of guilty verdicts or pleas in specified felony offenses for the purpose of impeaching a witness in a civil action. Tenn. Code Ann. § 40-35-313(c).

[6] Tennessee Code Annotated section 40-35-313(b) currently provides that the records of a person
(continued...)

-6-

restore the person, in the contemplation of the law, to the status the person occupied before such arrest or indictment or information." Schindler, 985 S.W.2d at 211 (quoting Tenn. Code Ann. § 40-35-313(b)). A defendant whose record has been expunged following judicial diversion cannot be charged "under any provision of any law" with perjury or giving a false statement by failing to acknowledge the arrest, indictment, or information. Tenn. Code Ann. § 40-35-313(b).

Much of our judicial diversion case law comes from the Court of Criminal Appeals. These decisions provide insight into the intermediate appellate court's interpretation of section 40-35-313 and are instructive in our review.

In State v. Tolbert, for example, the Court of Criminal Appeals considered whether evidence of an expunged guilty plea could be used to attack the credibility of a witness under Tennessee Rule of Evidence 609, which governs the impeachment of witnesses convicted of a crime. No. E1999-02326-CCA-R3-CD, 2000 WL 1172344, *2-4 (Tenn. Crim. App. Aug. 18, 2000). The intermediate appellate court explained that the witness, who entered a guilty plea to extortion but was granted judicial diversion, had not been convicted of any crime. Id. at *4. Based on the language of the judicial diversion statute, the court concluded that when a defendant is granted judicial diversion, there is no "conviction" within the meaning of Rule 609. Id.; see also State v. Peters, No. W2011-00680-CCA-R3-CD, 2012 WL 1656737, *5-6 (Tenn. Crim. App. May 9, 2012).

In State v. Norris, the Court of Criminal Appeals concluded that an appellant who had been granted judicial diversion has no appeal as of right under Rule 3(c) of the Tennessee Rules of Appellate Procedure. 47 S.W.3d 457, 461-63 (Tenn. Crim. App. 2000). The intermediate appellate court explained that an appeal as of right stems from a judgment of conviction and that a defendant's guilty plea tendered prior to a grant of judicial diversion does not become a judgment of conviction unless the defendant violates the conditions of his diversion. Id. at 462. The defendant who accepts diversion has a "self-determined chance to emerge from the process without a conviction on his or her record." Id. at 463.[7]

---

[6] (...continued)
dismissed and discharged for a sexual offense defined in Tennessee Code Annotated section 40-39-202 will not be expunged.

[7] Rule 3 of the Tennessee Rules of Appellate Procedure was amended after Norris to allow a defendant to appeal from an order denying a request for expunction. Tenn. R. App. P. 3(b). This amendment, however, did not affect the Norris holding that a defendant has no appeal as of right when judicial diversion has been granted.

Although the judicial diversion statute has a component of guilt that could be characterized as a conviction in the general sense, the statute forecloses the entry of a judgment of conviction unless the defendant violates the terms of his diversion. See Schindler, 986 S.W.2d at 211; see also Tenn. Code Ann. §§ 40-35-313(a)(1)(A), (B), -313(a)(2). The plain language of the judicial diversion statute indicates that the General Assembly contemplated the same technical or legal meaning of the term "conviction" that it used in the Post-Conviction Act. For these reasons, we conclude that a guilty plea expunged following successful completion of judicial diversion is not a conviction within the meaning of the Post-Conviction Act.

We may also presume that the General Assembly, as author of both the judicial diversion statute and the Post-Conviction Act, was aware of the state of the law when it enacted and subsequently amended both statutes.[8] See Casper, 297 S.W.3d at 683. If the General Assembly intended the Post-Conviction Act to encompass judicial diversion, it could have specifically included it in the Post-Conviction Act.

## III. Conclusion

We conclude that the Post-Conviction Act provides an avenue of relief from a conviction that has resulted in a judgment of conviction. Mr. Rodriguez entered a guilty plea that was expunged following his successful completion of judicial diversion. In his post-conviction petition, Mr. Rodriguez claimed that as a result of the ineffective assistance of counsel, his expunged guilty plea was not knowingly, intelligently, and voluntarily entered. Because no judgment of conviction was entered, Mr. Rodriguez's claims are not cognizable under the Post-Conviction Act. We therefore affirm the judgment of the Court of Criminal Appeals. Costs of this appeal are taxed to Jose Rodriguez a/k/a Alex Lopez, for which execution may issue if necessary.

JANICE M. HOLDER, JUSTICE

---

[8] Tennessee Code Annotated section 40-35-313 was enacted in 1989 and was subsequently amended in 1990, 1995, 1996, 1997, 1999, 2000, 2002, 2003, 2004, 2006, 2007, 2011, and 2012. See Tenn. Code Ann. § 40-35-313 (History). The General Assembly originally enacted the Post-Conviction Act in 1967. See Act of May 25, 1967, ch. 310, 1967 Tenn. Pub. Acts 801. The current version of the Post-Conviction Act was enacted in 1995, with subsequent amendments to sections -102, -105, -106, and -111. See generally Tenn. Code Ann. §§ 40-30-101 to -122.