IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 11, 2015

**INES MENDEZ MONREAL v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2005-B-1226      Cheryl Blackburn, Judge**

_____

**No. M2014-02036-CCA-R3-PC  - Filed April 6, 2015**

_____

Petitioner, Ines Mendez Monreal, entered a conditional guilty plea to possession of not less than ten (10) pounds nor more than seventy (70) pounds of marijuana, a Class D felony.  He was placed on judicial diversion for a period of four years.  *See*  Tenn. Code Ann. § 40-35-313.  Almost nine years after entering the plea, he filed a petition for post-conviction relief, which was summarily dismissed by the post-conviction court.  On appeal, petitioner raises the following issues:  (1) whether due process principles require that he be permitted to pursue his petition for post-conviction relief; (2) whether he was denied effective assistance of counsel; and (3) whether his plea was knowingly and voluntarily entered.  Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Vanessa Saenz, Nashville, Tennessee, for the appellant, Ines Mendez Monreal

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Robert McGuire, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I.  Facts

At the guilty plea submission hearing, petitioner acknowledged his intent to enter a conditional guilty plea to possession of over ten pounds of marijuana with the intent to

sell or deliver, for which he would be placed on judicial diversion for a period of four years. The trial court asked, "[D]o you understand that this could affect your ability to stay in the United States?" Petitioner responded affirmatively. The court continued, "[I]t could affect you even though you do not get a conviction today. Do you understand that?" Again, petitioner responded that he understood. The trial court further explained:

> Because you're on this special probation[,] you do not actually get a conviction. Now, if you were to violate your probation, you might. But the Homeland Security individuals can still consider this a tentative plea and might use it against you even though you have not been convicted. Do you understand that's a possibility?

Petitioner stated, "Yes."

The trial court then advised petitioner with regard to his potential sentence exposure and confirmed that petitioner understood the agreement into which he was entering. The court explained petitioner's rights associated with a trial and asked whether petitioner had been promised anything or threatened into entering the conditional guilty plea. The trial court questioned petitioner's attorney, "[H]ave you discussed this with your client[], and do you think [he] understand[s] what [he's] doing?" Petitioner's counsel answered, "I discussed it with [petitioner]." And on several occasions[,] due to language barriers[,] I asked if he understood and he indicated that he did. I think he does."

> As a factual basis for the guilty plea, the State offered the following facts:

> [T]he State's proof would be that on February [] 3rd[,] [2005][,] the defendants were stopped in a vehicle. And within the vehicle was twenty-two pounds of marijuana. In light of these facts, and the defendants' pleas[,] the State recommends the previously announced disposition.

Petitioner agreed to the facts underlying his plea.

## II. Procedural History

Petitioner entered his conditional guilty plea on September 8, 2005. He filed this petition for post-conviction relief almost nine years later on July 25, 2014. Attached to the petition was an affidavit executed by petitioner setting forth additional facts surrounding his arrest, trial counsel's representation of him, and his alleged lack of understanding of the terms of his guilty plea. The post-conviction court summarily dismissed his petition. This appeal follows.

## III.  Analysis

In this case, petitioner seeks post-conviction relief based on due process concerns stemming from what he characterizes as an illegal sentence, ineffective assistance of counsel, and an allegedly unknowing and involuntary plea.

In Tennessee, a post-conviction action is commenced by filing a petition "with the clerk of the court in which the conviction occurred." Tenn. Code Ann. § 40-30-104(a). Because the statute does not define "conviction," our supreme court, in *Rodriguez v. State*, 437 S.W.3d 450 (Tenn. 2014), construed the meaning to require "a judgment of conviction . . . signed by the trial court, entered by the clerk, and includ[ing] the plea, the verdict or findings, and the adjudication and sentence." *Id.* at 454-55 (citing Tenn. R. Crim. P. 32(e)(2)).  The court noted that the statute addressing judicial diversion "forecloses the entry of a judgment of conviction unless the defendant violates the terms of his diversion." *Id.* at 457.  As such, the court concluded that "a guilty plea expunged following successful completion of judicial diversion is not a conviction within the meaning of the Post-Conviction Act." *Id.*  Our supreme court's conclusion in *Rodriguez* is equally applicable in this case:

> We conclude that the Post-Conviction Act provides an avenue of relief from a conviction that has resulted in a judgment of conviction. [Petitioner] entered a guilty plea that was expunged following his successful completion of judicial diversion. In his post-conviction petition, [petitioner] claimed that as a result of the ineffective assistance of counsel, his expunged guilty plea was not knowingly, intelligently, and voluntarily entered. Because no judgment of conviction was entered, [petitioner's] claims are not cognizable under the Post–Conviction Act.

*Id.*  Following our supreme court's precedent, we conclude that the Post-Conviction Act bars relief in this case.  The record is clear that no judgment of conviction has been entered.  Accordingly, the holding in *Rodriguez* precludes relief in this case.

## CONCLUSION

Based upon the record as a whole, the briefs of the parties, and the applicable legal authorities, we affirm the judgment of the post-conviction court.

_____
ROGER A. PAGE, JUDGE