FILED
07/23/2018
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 7, 2017 Session

**FRANK TROJAN v. WAYNE COUNTY, TENNESSEE**

**Appeal from the Circuit Court for Wayne County**
**No. 4699      Robert L. Jones, Judge**

_____

**No. M2017-00415-COA-R3-CV**

_____

An inmate in state custody who was being housed in a county jail filed suit under the Tennessee Governmental Tort Liability Act to recover for injuries he suffered while on a work detail. The trial court dismissed the suit, holding that Tennessee Code Annotated section 41-2-123(d)(2) grants counties that allow inmates to work on road details and other projects immunity from liability for injuries. The inmate appeals, contending he was not in the class of inmates defined in section 41-2-123 and, consequently, that the county's immunity was removed. Concluding that section 41-2-123(d)(2) controls over the provisions of the Tort Liability Act, we affirm the trial court's judgment that the county was immune and its dismissal of the suit.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ., joined.

Leanne A. Thorne, Lexington, Tennessee, for the appellant, Frank Trojan.

Dale Conder, Jr., Jackson, Tennessee, for the appellee, Wayne County, Tennessee.

**OPINION**

**I.      FACTS AND PROCEDURAL HISTORY**[1]

Frank Trojan was an inmate in state custody, housed in the Wayne County Jail. On August 14, 2015, as part of an inmate work program supervised by the Wayne County

_____
[1] Because this case was dismissed by the trial court upon Defendant's motion under Tennessee Rule of Civil Procedure 12.02(6), we must presume the truth of all factual allegations and give the plaintiff the "benefit of all reasonable inferences." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). The factual history is taken from the allegations in Plaintiff's Complaint.

Superintendent of Roads, he was working on a road crew pouring concrete for a bridge. Some of the concrete spilled into his boots and down to his feet, causing chemical burns and resulting in permanent scarring. Mr. Trojan sued Wayne County for negligence, asserting that the county's immunity from suit was removed under the Governmental Tort Liability Act ("GTLA"), specifically Tennessee Code Annotated section 29-20-205.[2] Mr. Trojan sought "compensatory and special damages in an amount [to be] proven at trial including but not limited to damages for pain and suffering and permanent scarring of his feet from the chemical bums."

Wayne County moved to dismiss the complaint for failure to state a claim on which relief could be granted, arguing that Tennessee Code Annotated section 41-2-123(d)(2) provided the county immunity for injuries sustained by a prisoner while on a work detail. The trial court granted the motion. Mr. Trojan appeals, articulating as the issue for resolution "[w]hether the trial court erred in dismissing the Plaintiff's complaint based upon its finding that Tennessee Code Annotated Section 41-2-123(d)(2) is unambiguous and has application outside the class of inmates defined by that statute?"

## II.   STANDARD OF REVIEW

The complaint was dismissed in accordance with Tennessee Rule of Civil Procedure 12.02(6); such a motion "challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). Resolution of a Rule 12.02(6) motion is "determined by an examination of the pleadings alone," i.e., a defendant who files a Rule 12.02(6) motion admits that all factual allegations made in the complaint are true, but argues those facts fail to establish a cause of action. *Id.* (citations omitted). A Rule 12.02(6) motion can only be granted if "'it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'" *Id.* (quoting *Crews v. Buckman Labs. Int'l, Inc.,* 78 S.W.3d 852, 857 (Tenn. 2002)). On appeal, we "review the trial court's legal conclusions regarding the adequacy of the complaint de novo." *Id.* (citations omitted).

## III.   ANALYSIS

The portions of Tennessee Code Annotated section 41-2-123 pertinent to the issues in this appeal state:

---

[2] The GTLA, codified at Tennessee Code Annotated section 29-20-101 et seq., is premised on article I, section 17 of the Tennessee Constitution, which provides that suits against the State "may only be brought 'in such manner and in such courts as the Legislature may by law direct.'" *Vaughn v. City of Tullahoma*, No. M2015-02441-COA-R3-CV, 2017 WL 3149602, at *1 (Tenn. Ct. App. July 21, 2017) (quoting Tenn. Const. art. I, § 17). The immunity granted in section 29-20-201(a) may be removed only under the circumstances set forth in sections 29-20-202–205.

(a) All prisoners sentenced to the county workhouse under § 40-23-104[3] or former § 40-35-311[4] shall be worked on the county roads under the supervision of the chief administrative officer of the county highway department . . . .

(b)(1) When any prisoner has been sentenced to imprisonment in a county workhouse or county jail for a period not to exceed eleven (11) months and twenty-nine (29) days, the sheriff of the county or the superintendent of the county workhouse, or both, are authorized to permit the prisoner to work on the county roads or within municipalities within the county on roads, parks, public property, public easements or alongside public waterways up to a maximum of fifty feet (50') from the shoreline.

***

(d)(2) Except as provided in § 9-8-307, neither the state nor any municipality, county or political subdivision of the state, nor any employee or officer thereof, shall be liable to any prisoner or prisoner's family for death or injuries received while on a work detail, other than for medical treatment for the injury during the period of the prisoner's confinement.

Mr. Trojan argues that Wayne County is only immune from the claims of prisoners specifically described in subsections 123(a) and (b)(1), and because he was not one of the types of prisoner described, section 123(d)(2) does not prevent him from maintaining this case.

The trial court rejected this argument, holding:

The Plaintiff relies upon cases requiring a court to interpret a statute "in pari materia" with remaining provisions of the statute or chapter in which the disputed provision is codified.

However, this Court concludes that such rules of interpretation apply only when the disputed statute is ambiguous. This Court finds that subsection

---

[3] Section 40-23-104 gives courts the discretion to confine a "person convicted of a felony, and sentenced to six (6) years or less" to a county workhouse.

[4] The "former" Tennessee Code Annotated section 40-35-311 was first enacted by Tennessee Public Acts of 1989, chapter 591, section 6, and was amended three times before the current version of section 41-2-123 took effect: 1995 Tenn. Pub. Acts, ch. 51, § 1, eff. March 30, 1995; 1997 Tenn. Pub. Acts, ch. 506, § 1, eff. June 13, 1997; 1998 Tenn. Pub. Acts, ch. 1065, § 1, eff. May 19, 1998.

(d)(2) is clear and unambiguous by its terms. Courts must ascertain and give full effect to the General Assembly's intent, without unduly expanding or restricting the language of the statute. When the statutory language is clear and unambiguous, courts must apply the plain meaning of the statute. *Rodriguez v. State*, 437 S.W.3d 450 (Tenn. 2014) and *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503 (Tenn. 2004).

Mr. Trojan argues on appeal that subsection 123(d)(2) is ambiguous because "any prisoner" could refer to (1) any prisoner whatsoever or (2) any prisoner described in section 123(a) and (b)(1). His argument is without merit.

On its face, subsection 123(d)(2) is clear and unambiguous. The terms are absolute: "*any* prisoner" is barred from bringing a claim arising out of injuries incurred on work detail. Tenn. Code Ann. § 41-2-123 (emphasis added). If the Legislature intended to limit the applicability of section 123(d)(2) to the classes of prisoners mentioned in 123(a) and (b), it could have said so; it did not, and we cannot graft such an interpretation onto the statute.

Further, subsections 123(a) and (b)(1) do not restrict or otherwise limit the scope of section 123(d)(2). Subsection 123(a) instructs that "all prisoners sentenced to the county workhouse . . . shall be worked on the county roads"; subsection 123(b) only provides an authorization that "[w]hen any prisoner has been sentenced to imprisonment in a county workhouse or county jail . . . the sheriff of the county or the superintendent of the county workhouse, or both, are authorized to permit the prisoner to work on the county roads or within municipalities within the county on roads, parks, [etc]." These sections are instructional of the responsibilities and powers of those people tasked with administering "work detail" programs, but do not function as limit on the immunity provided by subsection 123(d)(2).

In light of our holding that subsection 123(d)(2) is unambiguous and provides immunity to Wayne County, we need not address Mr. Trojan's arguments that rules of statutory construction lead to the conclusion that subsection 123(d)(2) is limited by subsections 123(a) and (b)(1). *Browder v. Morris*, 975 S.W.2d 308, 311 (Tenn. 1998) (explaining that "[w]here words of the statute are clear and plain and fully express the legislature's intent, there is no room to resort to auxiliary rules of construction, *Roberson v. University of Tennessee,* 912 S.W.2d 746, 747 (Tenn. App. 1995), and we need only enforce the statute as written, [*In re Conservatorship of*] *Clayton,* 914 S.W.2d [84], 90 [(Tenn. Ct. App. 1995)].").

4

**IV.  CONCLUSION**

For the foregoing reasons, the judgment of the trial court is affirmed.

_____

RICHARD H. DINKINS, JUDGE