IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 17, 2019 Session

**STATE OF TENNESSEE v. LINDSEY S. SEYMOUR**

**Appeal from the Criminal Court for Fentress County**
**No. 9614      E. Shayne Sexton, Judge**

_____

**No. M2018-01008-CCA-R3-CD**

_____

Lindsey S. Seymour, Defendant, pled guilty to two counts of aggravated statutory rape, and her case was deferred pursuant to Tennessee Code Annotated section 40-35-313. After successfully completing the terms of judicial diversion, Defendant moved to be discharged from probation and to have the indictments against her dismissed. On May 1, 2017, the trial court entered an Agreed Order that "discharged and dismissed" all indictments in Case Number 9614 "with prejudice." Section 4 of the Agreed Order provided that "Defendant shall be removed from the sexual offender registry" ("SOR"). Approximately two and a half months after the agreed order was entered, the trial court, in error, allowed the Tennessee Bureau of Investigation ("TBI") to intervene, and the trial court vacated Section 4. At the time the motion to intervene was filed, the order dismissing all charges against Defendant with prejudice was final, and there was no pending action in which the TBI could intervene. Additionally, the trial court had neither subject matter jurisdiction over Defendant's criminal case nor personal jurisdiction over Defendant at that time. Therefore, there is no criminal case for this court to review, and Defendant does not have an appeal as of right under Tennessee Rule of Appellate Procedure 3(b). We therefore dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL and TIMOTHY L. EASTER, JJ., joined.

Melanie R. Bean, Lebanon, Tennessee, for the appellant, Lindsey S. Seymour.

Herbert H. Slatery III, Attorney General and Reporter; Andree Sophia Blumstein, Solicitor General; Dianna Baker Shew, Assistant Attorney General; Jared R. Effler, District Attorney General; and John W. Galloway, Assistant District Attorney General, for the appellee, State of Tennessee.

Jonathan Harwell and Tyler M. Caviness, Knoxville, Tennessee, for the Amicus Curiae, Tennessee Association of Criminal Defense Lawyers.

**OPINION**

The Fentress County Grand Jury indicted Defendant for eight counts of Class C felony statutory rape by an authority figure, all involving a sixteen-year-old student at the school where Defendant taught. On November 8, 2010, Defendant pled guilty pursuant to a negotiated plea agreement to two counts of Class D felony aggravated statutory rape. The trial court entered an order finding Defendant guilty in counts 1 and 8 and deferring further disposition until March 7, 2011.

Following receipt of the "Certification of Eligibility for Diversion" signed by a representative of the TBI, the trial court entered judgments in counts 1 and 8 on March 7, 2011, placing Defendant on probation for six years and dismissing the other six counts. On the same date, the court signed a Probation Order. Under "special conditions," the order noted that an addendum to the plea paperwork, which had been signed by the Deputy District Attorney General and Defendant on November 8, 2010, was attached. The addendum noted that "even if [D]efendant successfully completes the probation and diversion . . . the records in this case cannot be expunged" and that Defendant would be on the SOR "during the probationary period."[1]

After completing the terms of her probation, Defendant moved for dismissal of the indictments pursuant to Tennessee Code Annotated section 40-35-313(a)(2) and to be removed from the SOR. On May 1, 2017, the trial court entered an Agreed Order, finding that Defendant had successfully completed the terms of her probation and dismissing the indictments with prejudice. Section 4 of the Agreed Order provided that "Defendant shall be removed from the sexual offender registry."[2]

---

[1] Because aggravated statutory rape *is not* one of the offenses included in the definition of "sexual offense" for the purposes of judicial diversion, a person who pleads to or is found guilty of aggravated statutory rape is a "qualified defendant" for judicial diversion. Tenn. Code Ann. § 40-35-313(a)(1)(B)(ii). However, because aggravated statutory rape *is* one of the offenses included in the definition of "sexual offense" pursuant to Tennessee Code Annotated section 40-39-202(20)(A)(xvi), the person cannot have the records expunged after successfully completing judicial diversion. Tenn. Code Ann. § 40-35-313(b).

[2] When a defendant enters a guilty plea to or is convicted of a sexual offense requiring registration, the defendant is "automatically" as a "collateral consequence" of the plea or finding of guilt required to register, and no order by the trial court is required to trigger the registration requirement. *Ward v. State*, 315 S.W.3d 461, 472 (Tenn. 2010); *see also* Tenn. Code Ann. § 40-39-203(a). A trial court does not have the authority to place a defendant on the SOR or to require the TBI to place a defendant on the SOR. Once on the SOR, a defendant remains on the SOR until removed by the TBI.

On July 18, 2017, the TBI filed an application to intervene pursuant to Tennessee Rule of Civil Procedure 24.01 ("the application"), a motion for relief from judgment pursuant to Tennessee Rule of Civil Procedure 60.02, and a motion to stay pursuant to Tennessee Rule of Civil Procedure 62.07 ("the TBI motions"). The application stated that "[t]he provision of the Order removing [Defendant] from the registry [wa]s void because [the trial court] lacked jurisdiction to remove her from the registry [because] authority for such an action is vested exclusively in the TBI by statute." An affidavit attached to the TBI motions claimed that the TBI was not notified of Defendant's motion to be removed from the SOR and that the TBI was not served with a copy of the May 1, 2017 order. The affidavit also stated that the TBI first became aware of the order when it received a faxed copy from the Murfreesboro Police Department on May 8, and that upon receipt of the order, the TBI promptly sought advice from the Office of the Attorney General.

Defendant filed a response on September 27, 2017, claiming that the TBI had no right to intervene to change the terms of the diversion agreement entered in 2011, that the motions were not timely, and that Defendant had a right to specific performance of her plea agreement. In support of her specific performance claim, Defendant alleged that between July 1, 2008, and March 7, 2017, the TBI interpreted Tennessee Code Annotated section 40-39-207(a)(1) to allow a person whose charges were dismissed following the successful completion of judicial diversion to be immediately removed from the SOR.

On October 30, 2017, the trial court entered an order based solely on the pleadings, which found that Section 4 of its order was "contrary to statutory law, specifically T[ennessee] C[ode] A[nnotated] [section] 40-39-207" and rescinded Section 4 based on "lack of subject matter jurisdiction."

On November 30, 2017, Defendant filed a "Motion for Specific Performance of Plea Agreement and/or to Alter and Amend the October 30, 2017 Order." On March 6, 2018, Defendant filed an amended motion that requested the trial court declare portions of Tennessee Code Annotated section 40-39-201, *et seq.*, unconstitutional.

On March 15, 2018, the trial court conducted a hearing on Defendant's motion. The trial court entered "Stipulations of Fact" based on the personal knowledge of Jeanne Broadwell, General Counsel for the TBI since 2004, as Exhibit 1, which stated that from July 1, 2008, through March 7, 2017:

---

Tenn. Code Ann. § 40-39-207(a). Because the trial court did not have the authority to remove Defendant from the SOR or to require the TBI to remove Defendant from the SOR, Section 4 of the order was void and unenforceable.

- 3 -

(1) The TBI "interpreted" the Sexual Offender Act "to provide that a dismissal of charges following the successful completion of judicial diversion was grounds for removal" from the SOR,

(2) The TBI did not interpret Tennessee Code Annotated section 40-39-207(a)(1) to require defendants who successfully completed judicial diversion to remain on the registry for ten years following dismissal of the charges,

(3) The TBI "provided statutory interpretation upon request to defense counsel and district attorney general offices, both verbally and in writing . . . that persons who successfully completed judicial diversion were eligible for removal" from the SOR following dismissal of the charges, and

(4) The TBI removed persons from the SOR without requiring them to remain on the SOR for ten years after successful completion of judicial diversion.

The stipulation also stated that "as recently as January 11, 2017," the TBI advised defense counsel that it "interpret[ed] a dismissal following judicial diversion [to be] grounds for removal from the registry" because "the offender is no longer convicted under 40-39-202(1) and therefore doesn't meet the criteria for registration."

John Galloway, who served as an Assistant District Attorney General in the Eighth Judicial District for thirty-two years before his retirement, testified that he was assigned Defendant's case and negotiated the agreement that resulted in her guilty plea. He stated that "a material part of [the] discussions and agreement" was that Defendant would be on the SOR during the term of her judicial diversion. He said that, in negotiating the plea agreement, he relied on general discussions with the TBI in other sex cases and an opinion from the Tennessee Attorney General. At the time of the plea negotiations, he believed that Defendant would be eligible to be removed from the SOR upon successful completion of her probation.

Following a hearing, the trial court entered an order denying relief to Defendant on May 10, 2018. Defendant timely filed her notice of appeal. After the parties filed their briefs, we granted the Tennessee Association of Criminal Defense Lawyers' (TACDL) Request for Participation, and shortly before oral argument, TACDL filed a brief as amicus curiae. The State was provided an opportunity to file a reply to the brief of amicus curiae but elected not to do so.

Defendant claims on appeal that the trial court erred by permitting the TBI to intervene, erred by denying Defendant specific performance of her expired judicial diversion agreement, and erred by failing to find the Sexual Offender Act unconstitutional on its face and as applied to her and to other defendants who

- 4 -

successfully complete judicial diversion. Defendant also claims that the TBI's admitted inconsistent interpretation and administration of Tennessee Code Annotated section 40-39-207 from July 1, 2008, through March 7, 2017, resulted in "direct, significant punitive consequences" to her "without adequate notification of those consequences" at the time she accepted the plea agreement and entered her plea.[3]

The State responds that the TBI properly intervened, that the trial court properly vacated the portion of its order that required the removal of Defendant from the SOR, and that the trial court properly rejected Defendant's constitutional arguments.

The amicus curiae raised three issues in support of Defendant. The first issue centers on the conflicting definitions of "conviction" in the diversion statute and in the Sexual Offender Act.[4] Second, the amicus curiae claims that, after numerous amendments, the Sexual Offender Act "now imposes a litany of positive obligations on an offender and limits virtually every aspect of [a defendant's] everyday life[,]" and therefore, the SOR requirement is no longer "non-punitive."[5] The third issue relates to intervention by the TBI.

---

[3] By amendment effective on July 1, 2008, the Tennessee General Assembly redefined "conviction" to include "a plea taken in conjunction with § 40-35-313, or its equivalent in any other jurisdiction." Tenn. Code Ann. § 40-39-202(1)(2008). Before March 7, 2017, the TBI's interpretation of § 40-39-202(1) was that individuals who successfully completed diversion no longer had a conviction and therefore were eligible to be removed from the SOR. After March 7, 2017, the TBI's interpretation of § 40-39-202(1) was that individuals who have not or cannot have their records expunged, must wait a minimum of ten years after the termination of the period of probation before becoming eligible to request the TBI to terminate the registration requirements and remove the person from the SOR. Tenn. Code Ann. § 40-39-207(a)(1).

[4] "In judicial diversion cases, no judgment of conviction is entered, and a sentence is imposed only in the instance that the defendant fails to successfully complete the period of probation pursuant to the grant of judicial diversion." *State v. Dycus*, 456 S.W.3d 918, 928 (Tenn. 2015); Tennessee Code Annotated section 40-35-313. However, "[t]he applicable meaning of conviction depends on the context or procedural setting in which the term is used." *Rodriguez v. State*, 437 S.W.3d 450, 454 (Tenn. 2014). In the context of the Sexual Offender Act, a plea to a sexual offense requiring registration, including a plea where further proceedings are deferred pursuant to Tennessee Code Annotated section 40-35-313(a)(1)(A), is a conviction.

[5] While we are sympathetic to the amicus curiae's argument that the Sexual Offender Act "now imposes a litany of positive obligations on an offender and limits virtually every aspect of [a defendant's] everyday life[,]" Tennessee Code Annotated section 40-39-201(b)(8) states that "the general assembly does not intend that the information [available to the public on the SOR] be used to inflict retribution or additional punishment on those offenders[,]" and our supreme court has held that "the registration requirements imposed by the sex offender registration act are nonpunitive and that they are therefore a collateral consequence of a guilty plea." *Ward,* 315 S.W.3d at 472.

Before proceeding to the merits of the issues raised in this appeal, we must determine whether Defendant has a right to appeal. A criminal defendant's right to appeal is governed by Tennessee Rule of Appellate Procedure 3(b), which provides in part:

> In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had.

The entry of a judgment of conviction is a prerequisite to a right of appeal under the above quoted portion of Tennessee Rule of Appellate Procedure 3(b).

The remaining portion of Tennessee Rule of Appellate Procedure 3(b) provides:

> The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, from a final order on a request for expunction, and from the denial of a motion to withdraw a guilty plea under Tennessee Rules of Criminal Procedure 32(f).

None of the avenues for direct appeal available in the portion of Rule 3(b) quoted above are applicable to this case.

The May 1, 2017 Agreed Order "discharged and dismissed with prejudice" all indictments pending against Defendant in this case. The order became final thirty days after the date it was entered. Defendant's criminal case has concluded and there has never been and can never be a judgment of conviction in this case.

Shortly before this case was argued, this court filed *State v. Carl Allen*, No. W2017-01118-CCA-R3-CD, 2018 WL 6595352, at *1 (Tenn. Crim. App. Dec. 13, 2018), *perm. app. filed*. In 1995, Mr. Allen entered an *Alford* plea in Florida to sexual

battery and was sentenced to ten years. *Id.* In 2001, after being released from confinement in Florida, Mr. Allen moved to Tennessee and properly registered with the TBI as a sexual offender pursuant to Tenn. Code Ann. § 40-39-101, et seq. *Id.* at *2. In 2004, the general assembly enacted the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 (the Sexual Offender Act) and repealed the Sexual Offender Registration and Monitoring Act. The Sexual Offender Act divides sexual offenders into two categories: sexual offenders and violent sexual offenders. *Id.;* Tenn. Code Ann. § 40-39-201(b). Sexual offenders are required to report in person one time each year; violent sexual offenders are required to report in person four times each year. Tenn. Code Ann. § 40-39-204(b)(1), (c). After Mr. Allen was indicted for failing to report as required as a violent sexual offender, he moved to dismiss the indictments. *Id.* at *2-3. The trial court initially denied the motion upholding the TBI's classification of Mr. Allen as a violent sexual offender, but after reviewing the transcript from the Florida plea, the trial court entered an order that reversed its prior ruling, finding that the "stipulated facts" to which Mr. Allen pled did not "amount to a violent sexual offense in Tennessee[.]" *Id.* at *3. On February 3, 2012, the trial court entered a judgment dismissing the indictments charging Mr. Allen with failing to report as required as a violent sexual offender. *Id.* The State did not appeal. *Id*.

In April 2014, Mr. Allen applied to be removed from the SOR. *Id*. The TBI "noticed that he had been misclassified as a sexual offender . . . [,] changed his registration back to violent[,]" and denied his application. *Id.* Mr. Allen then appealed the TBI's denial to the chancery court. *Id.* In December 2014, the TBI moved to intervene in the trial court, for relief from the judgment, and to stay enforcement of the trial court's February 3, 2012 order. *Id.* The TBI argued that the trial court lacked jurisdiction to alter the defendant's classification. *Id.* at *3-4. The trial court then entered an order vacating its February 3, 2012 order, and the defendant appealed. *Id.* at *4. This court stated:

> As noted by the State, an appeal of the granting of a motion to intervene and vacate a provision of an order for which the trial court lacked jurisdiction is not one of the enumerated actions from which a defendant may appeal as of right under Rule 3(b). The trial court's most recent order did not mention the February 2012 judgments, which became final thirty days after entry, and the State did not request that the trial court reinstate the indictments. Therefore, we agree with the State that there is no longer any criminal case to review.

*Id.* at *6.

"In order to adjudicate a claim, a court must possess both subject matter jurisdiction and personal jurisdiction." *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn.

1994).  "The concept of subject matter jurisdiction involves a court's power to adjudicate a particular type of controversy."  *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999).  In this case, the trial court entered the May 1, 2017 Agreed Order, which dismissed all criminal charges against Defendant with prejudice, over two and a half months before the TBI moved to intervene.  The trial court had subject matter jurisdiction over Defendant's criminal case while the indictments against her were pending, but once the order dismissing all criminal charges became final, there was no controversy to adjudicate, and the trial court no longer had subject matter jurisdiction because there was no case involving Defendant pending.  There was no "action" pending in the trial court in which the TBI could intervene.  *See* Tenn. R. Civ. P. 24.01

We agree with this court's decision in *Carl Allen*.  *See Carl Allen*, 2018 WL 6595352, at *6.  Once the order dismissing all charges against Defendant became final, there was no longer any criminal case to review.  *See id.*

Because we lack jurisdiction under Tennessee Rule of Appellate Procedure 3(b) to decide Defendant's case, we dismiss the appeal.

_____
ROBERT L. HOLLOWAY, JR., JUDGE