IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 12, 2025 Session

**ARMON YUSEF PAZOUKI v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2021-A-512      Khadija Lanice Babb, Judge**

_____

**No. M2025-00062-CCA-R3-PC**
_____


ROBERT H. MONTGOMERY, JR., concurring.

I concur in the majority's reversal of the post-conviction court's judgment and the remand for further proceedings. I write separately to present what I believe is the appropriate analysis for reaching this result.

The majority holds that the post-conviction court erred in dismissing the post-conviction petition on the basis that post-conviction relief was not available to collaterally attack probation revocation proceedings. Like the post-conviction court and the parties, the majority focuses on the judicial diversion revocation proceedings – the subject of the post-conviction attack. The majority analyzes whether the proceedings are in the nature of a violation of probation or a violation of community corrections and whether post-conviction relief is possible. The majority distinguishes the present case from *Young v. State*, 101 S.W.3d 430 (Tenn. Crim. App. 2002), in which this court held that an order revoking probation imposed as a consequence of a conviction was not a "sentence" which could be collaterally attacked in a post-conviction proceeding. The majority analogizes the present case to *Carpenter v. State*, 136 S.W.3d 608 (Tenn. 2004), in which our supreme court held that a defendant had a right to seek post-conviction relief from a community corrections revocation and resentencing proceeding. In my view, the question in the present case turns on the entry of a judgment of conviction, not on the nature of the underlying revocation proceedings which the Petitioner has challenged in his post-conviction petition.

A trial court placing a defendant on judicial diversion defers entering a judgment of guilt. T.C.A. § 40-35-313(a)(1)(A) (Supp. 2019) (subsequently amended) ("The court may defer further proceedings against a qualified defendant and place the defendant on probation upon such reasonable conditions as it may require without entering a judgment of guilty[.]"). Thus, a defendant who has been granted judicial diversion has no conviction.

Should the court revoke diversion after a hearing, a judgment of conviction is entered, and the Defendant is then sentenced. *Id.* at (a)(2) ("Upon violation of a condition of the [judicial diversion] probation, the court may enter an adjudication of guilt and proceed as otherwise provided.").

The record reflects that the Petitioner pleaded guilty to domestic assault. The trial court granted judicial diversion, deferred entering a judgment of guilt, and placed the Petitioner on probation. The court later revoked the Petitioner's judicial diversion, *entered judgment against him for domestic assault*, and sentenced him to eleven months and twenty-nine days on probation. Thereafter, the Petitioner filed a post-conviction petition alleging that he received the ineffective assistance of counsel in the judicial diversion revocation and sentencing proceeding. In other words, he attacked his conviction and sentencing as being void or voidable because of an abridgement of constitutional rights during judicial proceedings which culminated in his conviction. *See id.* § 40-30-103 (2025).

Because the Petitioner's diverted offense ripened to a judgment of conviction after the judicial diversion revocation, the conviction was subject to post-conviction attack, provided the Petitioner otherwise met the statutory requisites. *See id.* §§ 40-30-102 (2025), -103, -104 (2025); *State v. Rodriguez*, 437 S.W.3d 450, 454-55 (Tenn. 2014) (holding that a petitioner who has been granted judicial diversion may not request post-conviction relief because a judgment of conviction is required to proceed under the Post-Conviction Procedures Act); *cf. State v. Norris*, 47 S.W.3d 457, 463 (Tenn. Crim. App. 2000) (holding that a defendant had no right to appeal a certified question of law as to an evidentiary ruling because the defendant had received judicial diversion and therefore had no judgment of conviction and corresponding right to appeal). It matters not whether judicial diversion revocation proceedings are more akin to standard probation revocation proceedings or to community correction revocation proceedings. In the context of the present case, the revocation of judicial diversion preceded the entry of judgment, and therefore, the revocation proceeding and sentencing were part of the conviction proceeding. Thus, constitutional abridgement of any rights guaranteed by the State or Federal Constitutions alleged to have occurred during the judicial diversion revocation proceedings are subject to post-conviction attack, as part of the broader conviction proceedings that preceded an entry of judgment. The post-conviction court erred in concluding that post-conviction relief was not available to attack a conviction which resulted from a judicial diversion revocation proceeding and in its dismissal of the petition.

For these reasons, I concur in the judgment.

**s/ Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE
