IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 14, 2026 Session

## BRANDON SCHKLAR v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marshall County**
**No. 2023-CR-68      Barry R. Tidwell, Judge**

———————————————————

**No. M2025-00907-CCA-R3-PC**

———————————————————

Petitioner, Brandon Michael Schklar, appeals the Marshall County Circuit Court's summary dismissal of his post-conviction petition. He argues that the post-conviction court erred in dismissing his petition because (1) his petition was timely filed and stated a colorable claim; (2) Tennessee case law allows for exceptions to the statutory post-conviction verification requirement; and therefore, (3) he should have been offered an opportunity to verify his petition under oath in an evidentiary hearing. Upon review of the entire record, the briefs and arguments of the parties, and the applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Robert Yager, Nashville, Tennessee, for the appellant, Brandon Michael Schklar.

Jonathan Skrmetti, Attorney General and Reporter; Elizabeth Evan, Assistant Attorney General; Robert J. Carter, District Attorney General; and William Bottoms, Assistant District Attorney General, for the appellee, State of Tennessee.

Daniel A. Horwitz, Sarah L. Martin, and Lindsay Smith, Nashville, Tennessee for the amici curiae, attorneys from the firm of Horwitz Law, PLLC.

## OPINION

### Factual and Procedural Background

On July 26, 2023, a Marshall County Grand Jury indicted Petitioner for the first degree murder of Ethan Miller and for coercion of a witness. On March 11, 2024, pursuant to a negotiated plea agreement, Petitioner pled guilty to the lesser-included offense of second degree murder and the coercion charge was dismissed.[1] Petitioner was sentenced to thirty-two years to be served at 100%. Judgments were entered March 11, 2024.

On March 7, 2025—before the expiration of the one-year statute of limitations that commenced when the judgment became final—Petitioner, through retained counsel, filed a petition for post-conviction relief, alleging ineffective assistance of counsel and challenging the voluntariness of his plea. The petition was signed by counsel. Attached to the petition was an affidavit from Petitioner's father setting forth his complaints about trial counsel. The affidavit also stated that Petitioner "has mental health issues, including autism, intermittent explosive disorder, and anxiety disorder, and was under mental health care at the time of the incident." The petition was not verified by Petitioner. Neither the affidavit nor the petition indicated that Petitioner was not competent to verify the petition; no medical records were attached.

On April 21, 2025, the State filed a response to the petition stating:

Neither of these petitions are filed correctly and [do] not meet the statutory guidelines set out in TCA 40-30-104. Further, at the time of this response we are past the [s]tatutory [d]eadline for filing any such claim for [p]ost[-] [c]onviction [r]elief. The [p]etitioner [e]ntered his [guilty plea] on March 11, 2024. . . .

The [o]riginal [p]etition filed on March 7th, 2025, would have been within the one-year statute of limitations requirements had it been filed properly. The affidavit filed with that petition was filed and signed by the [f]ather of the [p]etitioner, Michael Schklar.

The [a]mended [p]etition filed on April 14th, 2025, again, does not have an attachment from the petitioner stating his claim for relief. It again has what appears to be the same affidavit presented by the [f]ather of the [p]etitioner.[2]

The State also argued that no documents were filed showing that Petitioner's father had legal authority to sign on Petitioner's behalf.

---

[1] The underlying facts of the offense are not included in the post-conviction record; however, they are not relevant to the issues on appeal.

[2] Both the State's response and the post-conviction court's order reference an amended petition verified by Petitioner's father, Michael Schklar. However, both parties agreed at oral argument that the amended petition is not in the record.

On April 28, 2025—after the expiration of the one-year statute of limitations that commenced when the judgment became final—Petitioner, through counsel, filed a "Response to State's Response to Petition for Post-Conviction Relief" arguing that the original petition for post-conviction relief was timely filed in accordance with Tennessee Supreme Court Rule 28. The response included a signed and notarized affidavit from Petitioner in which Petitioner set out his claims for ineffective assistance of counsel. He also indicated that he had received mental health care from the age of fourteen and that he had been declared mentally competent for trial in his case after a "15-minute Zoom call…without consideration of [his] mental health history." On May 1, 2025, Petitioner filed a "Supplemental Filing to Petitioner's Amended Petition" with a copy of a durable power of attorney attached in which Petitioner had appointed his mother, Julia Schklar, as his duly authorized agent to sign documents on his behalf.[3]

On May 23, 2025, the post-conviction court entered an order summarily dismissing Petitioner's petition for post-conviction relief finding that

> Petitioner was represented by counsel when the original Petition was filed. However, the original Petition was deficient due to the lack of verification by the Petitioner. Additionally, there was no prima facie showing that Michael Schklar was able to file the petition as a "next friend" due to Brandon Schklar being mentally incompetent. Furthermore, since Petitioner was represented by counsel when the original Petition was filed, the rules for post[-]conviction procedure do not contemplate a need for an amended petition. As cases have stated, the opportunity to correct a deficient petition is not afforded to petitioners represented by counsel. *Terry [v. State]*, [No. E2023-00684-CCA-R3-PC,] 2024 WL 2698932 at *5 (Tenn. Crim. App. May 24, 2024). Therefore, when Brandon Schklar's post-conviction claim expired on March 11, 2025,[4] the only filing was a deficient petition unsigned and unverified by Brandon Schklar.
>
> Because amended petitions are generally reserved for pro se petitioners to have an opportunity to file a compliant petition, Brandon Schklar was not entitled to an amended petition because he was at all times represented by counsel. Since the deficient Petition filed March 7, 2025, could not be amended due to Petitioner's representation by counsel, and there was no evidence of Michael Schklar meeting the requirements of a "next friend" filing, the original Petition was a nullity subject to dismissal. Furthermore, the Amended Petition, filed after the statute of limitations, did not contain the requisite verification by Brandon Schklar. Therefore, the Court finds that

---

[3] We note that none of the documents filed by Petitioner were signed by Julia Schklar.

[4] We note that the judgment became final thirty days after entry; thus, the statute of limitations actually expired April 10, 2025.

when the statute of limitations expired, the only filing was a deficient Petition subject to dismissal.

The court also determined that Petitioner was not entitled to any of the statutory exceptions to toll the statute of limitations nor was he entitled to any form of equitable tolling.

It is from this order that Petitioner now timely appeals.

**Analysis**

On appeal, Petitioner argues that the post-conviction court erred when it summarily dismissed his petition for post-conviction relief without offering him an opportunity to verify his petition in an evidentiary hearing before dismissing the petition. The State responds that because there was no properly verified petition filed within the statute of limitations, the post-conviction court lacked jurisdiction and properly dismissed the petition. We agree with the State.

The issue in this case is the application of the Post-Conviction Procedure Act set forth in Tennessee Code Annotated section 40-30-101, et seq. Issues of statutory interpretation are questions of law reviewed de novo without a presumption of correctness. *Donovan v. Hastings*, 652 S.W.3d 1, 6 n.12 (Tenn. 2022) (citing *Beard v. Branson*, 528 S.W.3d 487, 494–95 (Tenn. 2017)); see also *Rodriguez v. State*, 437 S.W.3d 450, 453 (Tenn. 2014) ("statutory construction presents a question of law that we review de novo with no presumption of correctness"). It is presumed that "every word in a statute has meaning and purpose and should be given full effect if so doing does not violate the legislature's obvious intent." *Rodriguez*, 437 S.W.3d at 453 (quoting *State v. Casper*, 297 S.W.3d 676, 683 (Tenn. 2009)). If the statutory language is clear and unambiguous, the court should apply the statute's plain meaning. *Id.* (citing *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004)).

Post-conviction relief in Tennessee is "entirely a creature of statute," and its "availability and scope . . . lies within the discretion of the General Assembly." *Bush v. State*, 428 S.W.3d 1, 15-16 (Tenn. 2014) (citing *Pike v. State*, 164 S.W.3d 257, 262 (Tenn. 2005)). As such, the General Assembly "may set up reasonable procedural requirements" for post-conviction claims and those claims "may be terminated for failure to comply with reasonable procedural rule without violating due process rights." *Seals v. State*, 23 S.W.3d 272, 277 (Tenn. 2000) (internal citation omitted).

Tennessee Code Annotated section 40-30-102(a) requires a petition for post-conviction relief to be filed within one year of the date on which the judgment became final unless certain exceptions set forth in subsection (b) apply. The statutory requirements for filing a post-conviction petition are set forth in Tennessee Code Annotated section 40-30-104 which states that "[t]he petitioner *shall* provide all information required by this

section" and that "[t]he petition and any amended petition *shall be verified under oath.*" *Id.* § -104(b), (e) (emphasis added).

Tennessee Code Annotated section 40-30-106 sets forth the post-conviction court's preliminary considerations upon the filing of a petition and requires, among other duties, the court to confirm that the petition is filed in the proper court and within the one-year statute of limitations. If the petition, on its face, indicates that it is not properly before the court or was not filed within the statute of limitations, the court "shall enter an order dismissing the petition." *Id.* § -106(b).

Petitioner argues that the post-conviction court should have issued "a colorable claim order and scheduled an evidentiary hearing" because his petition was timely filed and stated a colorable claim. However, Petitioner's argument ignores the language of the statute requiring the court to enter a preliminary order only "[i]f the petition is not dismissed upon preliminary consideration." *Id.* § -107(a). Preliminary considerations include ensuring that the petition *shall* be verified under oath by the petitioner. S*ee Stubbs v. State*, 216 Tenn. 567, 576 (Tenn. 1965) ("when the word 'shall' is used in constitutions or statutes it is ordinarily construed as being mandatory and not discretionary."); *see also* Black's Law Dictionary (12th ed. 2024) (stating that the ordinary use of the word "shall" is "the mandatory sense that drafters typically intended and that courts typically uphold.").

Despite the mandatory language setting out the requirements of a post-conviction petition, the legislature has granted trial courts the limited authority to allow a pro se petitioner to correct a deficient petition. "If, however, the *petition was filed pro se*, the judge may enter an order stating that the petitioner must file an amended petition that complies with this section within fifteen (15) days or the petition will be dismissed." *Id.* § -106(d) (emphasis added); TN R S CT Rule 28, § 6(B). By clearly enumerating an exception for the amendment of pro se petitions, the legislature declined to expand that exception to petitions filed by counsel. "The canon of statutory construction *expressio unius est exclusio alterius* provides that 'where the legislature includes particular language in one section of a statute but omits it in another section of the same act, it is generally presumed that the legislature acted purposefully in the subject included or excluded.'" *State v. Welch*, 595 S.W.3d 615, 623 (Tenn. 2020) (quoting *State v. Loden*, 920 S.W.2d 261, 265 (Tenn. Crim. App. 1995)). The statutory distinction between a pro se petition and a petition filed by counsel has been affirmed by this court and by the Tennessee Supreme Court. *Maxwell v. State*, 647 S.W.3d 593, 595 (Tenn. 2019) ("It is only if the petition was filed by an unrepresented person that a trial court retains any authority to allow the filing of a compliant amended petition."); *Vaughn v. State*, No. W2021-00354-CCA-R3-PC, 2022 WL 1618435, at *8 (Tenn. Crim. App. May 23, 2022) ("[T]he statute does not allow an amended petition to correct a verification deficiency in an initial petition which was filed with the aid of counsel."); *Fitts v. State*, No. M2024-00565-CCA-R3-PC, 2025 WL 3124142, at *3-4 (Tenn. Crim. App. Nov. 7, 2025) ("It is only if the petition was filed by an unrepresented person that a trial court retains any authority to allow the filing of a

compliant amended petition. The legislature did not extend the same correction opportunity to petitioners represented by counsel."), *perm. app. filed* (Tenn. Jan. 8, 2026).

Petitioner also claims that the court should have offered him the opportunity to verify his petition in a hearing under oath prior to dismissing the petition.[5] Petitioner relies on *Hinton v. State* and also argues that the court erred by relying on *Terry* which was designated "not for citation" by our supreme court. *See* Order, *State v. Terry*, No. E2023-00684-SC-R11-PC (Tenn. Oct. 24, 2024).[6] In *Hinton*, this court affirmed the post-conviction court's decision to permit a petitioner to orally verify his petition. No. W2022-01135-CCA-R3-PC, 2023 WL 8525148, at *4 (Tenn. Crim. App. Dec. 8, 2023), *perm. app. denied* (Tenn. May, 16, 2024). However, in *Hinton*, the State initially acknowledged that the petition met the statutory requirements and first raised the issue of petitioner's lack of verification at the post-conviction hearing. *Id.* at *3. The post-conviction court in *Hinton* stated that "it would have granted the State's motion to dismiss [for lack of proper verification] if the motion had been filed before the hearing." *Id.* Here, the State's initial response to the post-conviction petition explicitly objected to the petition's lack of verification. The court had no obligation, nor any authority under the statute to allow Petitioner to cure his deficient petition outside the statute of limitations period. Any reliance the post-conviction court placed on *Terry* was harmless because the principles upon which the court relied are supported by *Maxwell* and subsequent published decisions.

Both Petitioner's affidavit and Petitioner's father's affidavit mention Petitioner's mental health. However, no documentation of his mental health was filed, nor did Petitioner request a hearing to address whether his father should be qualified to verify the petition as "next friend." Petitioner on his own behalf executed an affidavit on April 21, 2025, and a power of attorney on July 26, 2023. We also note that Petitioner did not claim he was entitled to equitable tolling of the statute of limitations before the post-conviction court, nor does he raise that issue on appeal.

Thus, as noted in the post-conviction court's order, when the statute of limitations expired April 10, 2025, the only filing was a deficient petition unverified by Petitioner as required by the statute. Petitioner's affidavit filed April 28, 2025, was untimely and could not "relate back" to the date of Petitioner's original filed petition because that petition, not properly verified, was a nullity. We conclude that the post-conviction court did not err in dismissing the petition for failure to comply with the requirements of Tennessee Code Annotated sections 40-30-104(d) and (e). Petitioner is not entitled to relief.

---

[5] Because Petitioner does not argue on appeal that his father had authority to sign as "next friend" nor does he claim that the power of attorney he granted to his mother has any impact on his argument, we do not address these issues.

[6] In the order denying Appellant's permission to appeal, our supreme court designated the opinion of the Court of Criminal Appeals "'Not for Citation' in accordance with Supreme Court Rule 4(E)."

**CONCLUSION**

For the foregoing reasons, we affirm the judgment of the post-conviction court.


s/_**Jill Bartee Ayers**_
JILL BARTEE AYERS, JUDGE